UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BILLY LEE M., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C20-5095-MAT <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1974.[1] He has a limited education and previously worked as a protective signal installer and repairer. (AR 26.)

Plaintiff filed an application for DIB in January 2017, alleging disability beginning March 23, 2011. (AR 83.) The application was denied at the initial level and on reconsideration.

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

On July 30, 2018, ALJ Gerald J. Hill held a hearing, taking testimony from plaintiff and a vocational expert. (AR 36-82.) On December 5, 2018, the ALJ issued a decision finding plaintiff not disabled from March 23, 2011, through the date last insured, December 31, 2016. (AR 15-28.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on December 6, 2019 (AR 1-3), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's lumbar degenerative disc disease and status post repair of bilateral inguinal hernias severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work; frequently stoop, kneel, crouch, crawl, and climb ramps and stairs; and occasionally climb ladders, ropes, and scaffolds. He needed to avoid concentrated exposure to hazards. With that assessment, the ALJ found plaintiff unable to perform his past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as a marker, information clerk, and cashier.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred by failing to properly address limitations caused by sciatica, failing to properly consider the disability determination of another agency, mischaracterizing his activities, and rejecting several treating doctors' opinions and lay witnesses' statements. He requests remand for an award of benefits. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Step Two

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*,

ORDER
PAGE - 3

482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*. A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show his medically determinable impairments are severe. 20 C.F.R. § 404.1521.

Plaintiff contends the ALJ erred by failing to include sciatica as a severe impairment at step two and erred by failing to include related impairments in the RFC and in the hypothetical posed to the vocational expert. Any error is harmless, at step two as well as later steps. Because the ALJ found in Plaintiff's favor at step two, he "could not possibly have been prejudiced" at that step. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). And even if an ALJ errs in failing to find an impairment severe at step two, such error is properly deemed harmless where the limitations associated with the impairment are considered at later steps. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). The ALJ specifically considered plaintiff's testimony "that he could not work due to unexpected falling" and "would still fall even with the cane…." (AR 20.) The ALJ discounted plaintiff's testimony, a determination plaintiff does not challenge in his opening brief. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009) ("[A]rguments not raised by a party in an opening brief are waived.") (citing *Eberle v. Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990)). Plaintiff argues he cannot lift or carry because he needs one hand on his

cane, but in his own testimony acknowledged he can walk about a quarter of a mile before needing a cane. (AR 58-59.) Plaintiff identifies no other evidence establishing limitations caused by sciatica.

        The Court concludes the ALJ did not harmfully err in addressing plaintiff's sciatica.

Medical Opinion Evidence

        The ALJ is responsible for assessing the medical evidence and resolving any conflicts or ambiguities in the record. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). When evidence reasonably supports either confirming or reversing the ALJ's decision, the court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

        In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where doctors' opinions are contradicted, as in this case, they may only be rejected with "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoted source omitted). Even if an ALJ includes erroneous reasons to discount a doctor's opinion, the error is harmless if the remaining reasons are valid. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

        Plaintiff's treating physicians, Terrill R. Utt, M.D., Steven Brack, D.O., Wayne Duran, M.D., Lydia Pfenniger, D.O., and James Rice, M.D., filled out a series of Activity Prescription Forms for the State of Washington Department of Labor and Industries stating plaintiff was "not released to any [full-time] work" for periods of a few months to a year, collectively covering the

period from March 2011 through December 2016.  (AR 740-60, 762-77, 1024-48.)  In most of the forms, the doctors limited plaintiff to three hours sitting and one to three hours standing per day.  (*Id.*)  Because these opinions conflicted with examining doctors' opinions that plaintiff had no work restrictions, the ALJ could discount them for specific and legitimate reasons.  (*See* AR 707-08, 840-41.)  The ALJ gave the medical opinions "little weight" as inconsistent with plaintiff's activities, improvement with treatment, and largely normal clinical findings.  (AR 24-25.)

The ALJ cited activities including using an above-ground pool and driving a high-clearance pickup truck, both of which the ALJ reasonably inferred required climbing, contradicting the doctors' opinions that plaintiff could "[n]ever" climb ladders or stairs.  (AR 740.)  The ALJ also cited yoga, which the ALJ reasonably inferred required twisting or bending, both of which the doctors opined plaintiff could never do.  (*Id*.)  The Court concludes the ALJ did not err by discounting the medical opinions based on conflict with plaintiff's activities.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent with the claimant's level of activity).

Improvement with treatment was another specific and legitimate reason to discount the treating doctors' opinions.  Plaintiff reported injections had been a "huge life changer" for him.  (AR 944.)  He received two months of relief from injections.  (AR 861.)

An ALJ may discount medical opinions that conflict with medical evidence.  *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (that opinions were "contradicted by other statements and assessments of [claimant's] medical conditions" and "conflict[ed] with the results of a consultative medical evaluation" were specific and legitimate reasons to discount the opinions).  Here, however, the ALJ cited a few normal examination findings but failed to explain how they contradict or undermine the doctors' opinions.  (AR 25 (citing AR 614-19).)

ORDER  
PAGE - 6

Moreover, the records the ALJ cited also reflect Dr. Brack's recommendation for spinal surgery, a very serious intervention. (AR 615, 618.) Conflict with medical evidence was not a specific and legitimate reason to discount the treating doctors' opinions.

While conflict with the medical evidence was an erroneous reason to discount the treating doctors' opinions, the error is harmless as the ALJ provided other specific and legitimate reasons to discount them. *See Molina*, 674 F.3d at 1115. The Court concludes the ALJ did not err by discounting plaintiff's treating doctors' opinions.

<u>Washington State Disability Determination</u>

In October 2016 the Department of Labor and Industries determined plaintiff was disabled, based largely on a functional capacities evaluation concluding plaintiff could only work four hours per day. (AR 366, 305.) The ALJ gave the determination little weight for the same reasons as the treating doctors' opinions addressed above. (AR 24.) As with those opinions, plaintiff's ability to climb to use his above-ground pool and pickup truck contradicted the determination he could never climb ladders and the significant pain relief he reported after injections undermined the conclusion of complete disability. The Court concludes the ALJ did not err by discounting the Department of Labor and Industries disability determination.

<u>Lay Witness Statement</u>

The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen*, 80 F.3d at 1288-89. The ALJ gave little weight to the lay witness statements of plaintiff's wife, father-in-law, mother-in-law, and friend, based on the same activities, medical evidence, and improvement with treatment discussed above. (AR 25.)

Plaintiff's activities did not contradict the lay witness statements. Plaintiff's wife reported he could climb "a few stairs," consistent with his ability to climb to use an above-ground pool or

a pickup truck.  (AR 231.)  The other minimal activities the ALJ cited were not inconsistent with the lay witnesses' statements that plaintiff needs a cane and cannot walk for a long time, and cannot sit long except in a recliner.  (*See* AR 369-70, 373, 376, 390.)

Lay witness testimony may not be rejected on the grounds that it lacks support from medical evidence, but it may be rejected if contradicted by the evidence.  *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  Here, the "grossly normal" findings the ALJ cited do not contradict the lay witnesses' statements.  (AR 25.)

However, improvement with treatment was a germane reason to discount the lay witness statements.  Injections, which plaintiff described as a "huge life changer," provided pain relief lasting two months or more, contradicting plaintiff's wife's statement that injections help only for the duration of an airline flight.  (AR 944, 861, 370.)  Evidence of such significant improvement with treatment undermined the lay witnesses' statements that plaintiff's pain was disabling.

The Court concludes the ALJ did not err by discounting the lay witness statements.  Inclusion of erroneous reasons was harmless.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this <u>10th</u> day of August, 2020.

Mary Alice Theiler
United States Magistrate Judge